O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN HINES, | ) Case No. CV 12-6297-DDP (OP) |
| Petitioner, | ) |
| | ) |
| v. | ) MEMORANDUM AND ORDER RE: |
| | ) DISMISSAL OF PETITION FOR WRIT |
| E. VALENSUELA, Warden, | ) OF HABEAS CORPUS (28 U.S.C. § |
| | ) 2254) AS SUCCESSIVE |
| Respondent. | ) |
| | ) |

**I.**

**INTRODUCTION**

On July 1, 2012, John Hines ("Petitioner") constructively filed the current

Petition for Writ of Habeas Corpus by a Person in State Custody pursuant to 28

U.S.C. § 2254 ("Petition").[1]  (ECF No. 1.)

---

[1]  The prison mailbox rule holds that a habeas petitioner's state and federal
filings are constructively filed when turned over to prison officials for forwarding
to the Clerk of the Court.  See, e.g., Smith v. Duncan, 297 F.3d 809, 814 (9th Cir.
2002); Huizar v. Carey, 273 F.3d 1220, 1223 (9th Cir. 2001).  The Court has
utilized the signature date on the current Petition as the relevant filing date since
the signature date is the earliest date on which Petitioner could have turned the

(continued...)

1    Pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United
2    States District Courts, the Court examined the current Petition and found that it
3    plainly appeared from its face that Petitioner was not entitled to relief in the
4    district court.  Specifically, the Court found that the Petition is subject to dismissal
5    as a second and successive.[2]

## II.

## PROCEDURAL HISTORY

On December 31, 1982, Petitioner shot and killed a man at the victim's home with the victim's wife and two-year-old child present.  (Probation Officer's Report at 2.)  The Probation Officer's Report, filed under seal, indicates that Petitioner had planned to rob the victim in advance and utilized his girlfriend and her friend to distract the victim.  (Id.)  Petitioner asserted that the shooting occurred accidentally.  (Id. at 11.)

On November 29, 1983, Petitioner pled guilty to one count each of first degree murder and attempted robbery.  (Pet. at 2; Answer Ex. E at 114-15.) Petitioner also pled guilty to a sentence enhancement for using a firearm during the commission of the offense.  (Answer Ex. E at 114-15.)  On February 3, 1984, Petitioner was sentenced to a state prison term of twenty-seven years to life.  (Id.) Petitioner did not pursue a direct appeal.  (Pet. at 3.)

On or about July 19, 1999, Petitioner, represented by counsel, filed a habeas corpus petition in the Los Angeles County Superior Court, alleging grounds one and two of the prior § 2254 petition.  (Answer Ex. A at 49; Reply at 3.)  The superior court denied the petition on July 30, 1999.  (Pet. at 4.)

---

[1](...continued)
Petition over to the prison authorities for mailing.

[2]  All references to pleadings and Lodgments are taken from the Report and Recommendation issued in CV 05-4113-DDP (OP).

1      On August 7, 2000, Petitioner, again represented by counsel, filed a habeas
2 corpus petition in the California Court of Appeal, alleging grounds one and two of
3 the prior § 2254 petition.  (Answer Ex. A.)  The court of appeal denied the petition
4 on August 11, 2000.  (<u>Id.</u> Ex. B.)

5      On June 24, 2004, Petitioner constructively filed a habeas corpus petition in
6 the California Supreme Court, alleging grounds one through three of the prior §
7 2254 petition.  (<u>Id.</u> Ex. C.)  The supreme court denied the petition on May 11,
8 2005.  (<u>Id.</u> Ex. D.)

9      On June 7, 2005, Petitioner filed his first § 2254 petition in this District.
10 (CV 05-4113-DDP (OP) ECF No. 1.)  On April 21, 2009, Judgment was entered
11 denying the petition and dismissing the action with prejudice.  (<u>Id.</u> ECF No. 51.)
12 On October 13, 2009, an Order was entered denying the issuance of a certificate of
13 appealability.  (<u>Id.</u> ECF No. 55.)  On August 22, 2011, an Order was entered by
14 the Ninth Circuit denying the issuance of a certificate of appealability.  (<u>Id.</u> ECF
15 No. 59.)

16      In 2012, Petitioner sought habeas relief in the state courts.  However, all of
17 his petitions were denied.  (Pet. at 3-5.)

18                      **III.**

19              <u>**DISCUSSION**</u>

20 **A.**   <u>**Standard of Review.**</u>

21      This Court may entertain a habeas application on behalf of a person who is
22 in custody pursuant to a state court judgment and in violation of the Constitution,
23 laws, or treaties of the United States.  <u>See</u> 28 U.S.C. § 2254(a).  The Court need
24 neither grant the writ nor order a return if it appears from the application that the
25 applicant is not entitled to relief.  <u>See</u> 28 U.S.C. § 2243.  "If it plainly appears
26 from the face of the petition and any exhibits annexed to it that the petitioner is not
27 entitled to relief in the district court, the judge must dismiss the petition and direct
28 the clerk to notify the petitioner."  Rule 4 of the Rules Governing Section 2254

Cases in United States District Courts, 28 U.S.C. foll. § 2254; see also Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990) (summary dismissal is appropriate where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false).

Title 28 U.S.C. § 2244 is entitled "Finality of determination" and provides in pertinent part that:

(b)(1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.

(2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless--

(A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

(B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and

(ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

(3)(A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

1   28 U.S.C. § 2244(b).

2   Generally speaking, a petition is second or successive if it raises claims that
3   were or could have been adjudicated on the merits in a previous petition.  Cooper
4   v. Calderon, 274 F.3d 1270, 1273 (9th Cir. 2001).  Moreover, although a
5   dismissal based upon the statute of limitations does not include an examination of
6   the merits of the underlying substantive claims presented in the petition, such a
7   dismissal is considered an adjudication of the merits for purposes of determining
8   whether a subsequent petition is successive under the AEDPA.  McNabb v. Yates,
9   576 F.3d 1028, 1030 (9th Cir. 2009) (holding that dismissal of a habeas petition as
10  time barred under 28 U.S.C. § 2244(d)(1) constitutes a disposition on the merits
11  and renders a subsequent petition second or successive for purposes of 28 U.S.C. §
12  2244(b)); Reyes v. Vaughn, 276 F. Supp. 2d 1027, 1029 (C.D. Cal. 2003).

13  As set forth above, before a second or successive application permitted
14  under 28 U.S.C. § 2244 is filed in the district court, the applicant shall move in the
15  appropriate court of appeals for an order authorizing the district court to consider
16  the application.  28 U.S.C. § 2244(b)(3)(A).  Furthermore, "[a] district court shall
17  dismiss any claim presented in a second or successive application that the court of
18  appeals has authorized to be filed unless the applicant shows that the claim
19  satisfies the requirements of this section."  28 U.S.C. § 2244(b)(4); see also
20  Cooper, 274 F.3d at 1274 (once petition recognized as "second or successive"
21  under § 2244(b), district court lacks jurisdiction to consider petition absent
22  authorization from court of appeals) (citations omitted).

23  **B.    Analysis.**

24  It appears from the face of the Petition that Petitioner is challenging the
25  same 1983 convictions for first degree murder and attempted robbery for which he
26  sentenced to a state prison term of twenty-seven years to life.  (Pet. at 2.)  In the
27  current Petition, Petitioner seeks to raise numerous additional claims that were not
28  presented in his prior § 2254 petition.  (Id. at 5, 6.)  Since the current Petition is

successive, Petitioner must seek an order from the Ninth Circuit Court of Appeals authorizing this Court to consider the Petition.  28 U.S.C. § 2244(b)(3)(A).  This Court finds no indication that Petitioner has obtained such approval prior to the filing of the current Petition.  Thus, this Court lacks jurisdiction to address the merits of the Petition.  <u>See</u> 28 U.S.C. § 2244(b)(3); <u>Cooper</u>, 274 F.3d at 1274 (stating that failure to request the requisite authorization to file a second or successive § 2254 petition from the circuit court deprives the district court of jurisdiction).

## IV.

## <u>ORDER</u>

IT IS THEREFORE ORDERED that the Petition is hereby dismissed without prejudice as successive, and Judgment shall be entered accordingly.

The Deputy Clerk of the Court is directed to send Petitioner a copy of this Order.

DATED:  October 12, 2012

HONORABLE DEAN D. PREGERSON
United States District Judge

Presented by:

HONORABLE OSWALD PARADA
United States Magistrate Judge

6